NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
LISA CARTIER-GIROUX
Nevada Bar Number 14040
ALLISON REESE
Nevada Bar Number 13977
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Email: allison.reese@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:20-cr-00091-JCM-DJA |
| Plaintiff, | **STIPULATION FOR A PROTECTIVE ORDER** |
| vs. | |
| JOHN MATTHEW CHAPMAN, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the government during discovery that contain the confidential personal identifying information of individuals referenced in the discovery. The parties state as follows:

1. The indictment in this case issued on May 19, 2020.

2. Trial is currently scheduled for August 9, 2021. The Office of the Federal Public Defender was appointed to this case on May 1, 2020. Assistant Federal Public Defender Christopher Frey filed his notice of appearance on May 4, 2020.

3. Because this is a death penalty eligible offense, Chapman filed a Motion for Appointed Learned Counsel on May 27, 2020, which was granted on May 29, 2020. The Court appointed Theresa Duncan as Defendant's Learned Counsel.

4. The indictment in this case alleges the kidnapping and death of a female victim, J.F. The discovery therefore contains extensive amount of personal identifying information of the victim, J.F. as well as other potential victims and witnesses, such as names, social security numbers, birthdates, addresses and telephone numbers. The release of such information to the public or third parties not involved in the case could endanger the privacy of those individuals and also subject them to potential misuse of their identities. This confidential personal identifying information is referred to here as the "Protected Information."

5. In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access to the following individuals: attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. The Covered Individuals shall be advised of the Protective Order, and, without leave of the Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

///

///

  c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment for any purpose or any further superseding indictment arising out of this case; or

  d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

7. Defendant shall only be permitted to review the Protected Information in the presence of defense counsel who shall retain exclusive possession of the Protected Information. Defense counsel will ensure that any discovery item left with Defendant is fully redacted of any Protected Information.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice.

9. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the Government will move expeditiously for its dissolution.

/ / /

/ / /

/ / /

/ / /

/ / /

11. The defense hereby stipulates to this protective order.

DATED: October 29, 2020

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Allison Reese
_____
ALLISON REESE
Assistant United States Attorney


For the Defense:


/s/ Christopher Frey
_____
CHRISTOPHER FREY
Assistant Federal Public Defender
Attorney for Defendant JOHN MATTHEW CHAPMAN


/s/ Theresa Duncan
_____
THERESA DUNCAN
Learned Counsel for Defendant JOHN MATTHEW CHAPMAN


IT IS SO ORDERED:

_____   October 30, 2020
HONORABLE DANIEL J. ALBREGTS   _____
UNITED STATES MAGISTRATE JUDGE           Date

4