UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>JOHN MATTHEW CHAPMAN,<br><br>Defendant(s). | Case No.2:20-CR-91 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant John Matthew Chapman ("defendant")'s motion *in limine* to exclude Rule 404(b) evidence and other unnoticed evidence pursuant to Rules 401, 402, 403, and 404. (ECF No. 221). The government filed a response (ECF No. 225), to which defendant replied (ECF No. 226-1).[1]

I. **Background**

On March 29, 2024, the government provided defense counsel with a Rule 404(b) notice of prior bad acts it intends to introduce in its case in chief. Defendant argues that the government's notice fails to articulate the purpose for which it intends to offer the evidence with any reasonable specificity, let alone the reasoning that supports that purpose. (ECF No. 221 at 2).

Defendant further claims that even if the government had provided sufficient notice, the

---

[1] Although LCR 12-2 is silent on the permissibility of filing a reply to a motion *in limine*, LR 16-3 elucidates that reply briefs "will be allowed only with leave of the court." LR 16-3. Here, defendant properly moved the court for leave to file a reply. (ECF No. 226). Given the importance of this motion and its complexity, the court finds good cause to grant defendant's motion for leave to file a reply (ECF No. 226) and will consider the contents of his reply brief (ECF No. 226-1) when ruling on the motion *in limine*.

majority of the evidence would still be inadmissible, as he claims the items the government seeks to introduce constitute irrelevant propensity evidence. (*Id.*).

Finally, defendant is attempting to preclude the government from referencing or alluding to inadmissible Rule 404(b) subject matter through witness testimony and exclude three additional pieces of related evidence. (*Id.* at 2, 14-17).

Although the court finds the government's notice sufficient, defendant raises valid concerns over the potential admission of each item in its motion. The court finds that an overwhelming majority of these pieces of evidence show merely propensity and are not probative of whether defendant committed the crime of kidnapping resulting in death.

## II.     Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.

1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### III.     Discussion

As an initial matter, the court finds that the government's notice of the prior bad acts it intends to introduce in its case in chief is sufficient under Federal Rule of Evidence 404(b)(3)(B). In its letter to defense counsel, the government stated that "[t]his evidence will be introduced for the purpose of showing defendant's motive, preparation, plan, intent, absence of mistake, and lack of accident." (ECF No. 221-1 at 2).

Although the government could have been more specific and offered more detailed explanations for each item, the introductory paragraph in its letter is sufficient to put defense counsel on notice. *See* Fed. R. Evid. 404(b)(3)(B) (requiring notice of not only the evidence the government seeks to introduce, but also the "permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose."). The court is now tasked with analyzing each disputed piece of evidence and weighing its probative and relevance to the instant action.

A.   Evidence relating to finances

   i.     Item 1

The government states it intends to introduce evidence that defendant received money from the victim's bank account after her death. Defendant notes that to the extent the government is

referencing Zelle transfers from the victim's bank account to that of defendant, he does not object. (ECF No. 221 at 1).  Accordingly, item 1 is admissible at trial.

        *ii.*    *Item 2*

The government seeks to introduce evidence that the co-signers of the victim's bank account noticed approximately $15,000 withdrawn from her account during a timeframe when she was dating defendant.  The government argues that this evidence shows defendant's motive in kidnapping and killing the victim, and his motive in maintaining the fiction that she was still alive, which was having continued access to her money.  (ECF No. 225 at 10).

The co-signers of the victim's bank account have no personal knowledge of the victim's spending and why it increased.  Their testimony would thus be mere speculation and cannot establish a factual basis for inferring that defendant was financially exploiting the victim.  The court also finds the government's argument that the evidence is relevant to show that defendant was isolating the victim from her family in order to kill her completely unsupported and speculative.  Accordingly, item 2 is inadmissible at trial.

        *iii.*    *Item 3*

The government seeks to admit evidence that the victim's friends and family noticed that when she and defendant were dating, her financial situation seemed strained.  The government claims this evidence shows that when the victim and defendant were together, he was benefitting from her financially, thus establishing motive.  (*Id.* at 11).

As defendant notes, the fact that the victim struggled financially is not probative of her being preyed upon financially by defendant.  If defendant was indeed benefitting financially from the victim, it would appear contradictory for him to kidnap and kill her.  This evidence lacks probative value, is irrelevant, and unfairly prejudicial.  Accordingly, item 3 is inadmissible at trial.

### *iv.* *Items 4 and 5*

The government seeks to introduce evidence that defendant did not contribute financially to his relationship with another partner and that he allegedly stole money from her checking account. Additionally, the government seeks to introduce evidence that defendant's third wife paid the household bills, outside of the $800 defendant gave to her every month.

According to the government, this evidence is admissible because it is probative in showing that defendant isolated the victim from her family and lied to her about the purpose for their trip so that she would accompany him willingly. (*Id.* at 11-12). Additionally, the government posits that defendant's history of relying on others financially provides essential context for how and why he did so. (*Id.* at 12).

The court finds such evidence completely irrelevant and nothing more than an attempt to show defendant's propensity of relying on others financially and stealing to provide a source of income for himself. Defendant's supposed pattern of relying on partners in the past financially has no relevance whatsoever to the issue whether he kidnapped and killed the victim. Accordingly, items 4 and 5 are inadmissible at trial.

### *v.* *Item 6*

The government has withdrawn notice of this item of evidence, which is evidence that defendant has a previous conviction on his record for tax fraud. Accordingly, item 6 is inadmissible at trial.

. . .

. . .

B. <u>Evidence relating to defendant's work history</u>

    *i.*    *Items 7 and 8*

The government seeks to introduce evidence that defendant has lied to potential witnesses about his employment. Specifically, item 7 allegedly shows that defendant tricked the victim accompanying him to Las Vegas under the pretense that he was working for the CIA, and item 8 is a statement he made that he conducted "kill missions" with the FBI using zip ties, duct tape, and plastic bags to suffocate targets. (ECF No. 221-1 at 3).

In its response, the government notes that the statements about his work history demonstrate a capacity to deceive, and his comments about killing individuals with zip ties is "eerily similar" to how he allegedly killed the victim. (ECF No. 225 at 12-13).

This is propensity evidence to show that defendant is a liar. Furthermore, there is no evidence that defendant was actually forming a plan to kill the victim at the time he made his statements about his "kill missions" with the FBI. This evidence is not probative of whether defendant committed the instant offense. Accordingly, items 7 and 8 are inadmissible at trial.

C. <u>Evidence relating to the victim's townhouse</u>

Items 9-11 relate to the victim's townhouse. Regarding item 9, the government intends to introduce testimony from defendant's subsequent partner that he told her the victim's townhouse belonged to him. Item 10 pertains to statements defendant made to his third wife that the townhouse belonged to an aunt and uncle, and item 11 concerns defendant's statements to the victim that his second wife was actually his cousin when they all moved into the townhouse together. (ECF No. 226-1 at 5).

The court finds that items 10 and 11 are irrelevant in showing that defendant had a financial interest in the townhouse and is prejudicial to defendant as it simply establishes him as having a

propensity to lie.  However, the court finds that item 9 shows defendant's willingness to treat the victim's townhouse as his own and is probative of his motive to commit the crime.  Accordingly, item 9 is admissible at trial, but items 10 and 11 are inadmissible at trial.

    D.  <u>Evidence relating to defendant impersonating the victim after her death</u>

For item 12, the government seeks to introduce evidence that defendant exhibited odd behaviors and participated in actions, such as using as the victim's Facebook account after her death, to impersonate her.  Defendant does not object to the admission of evidence that he impersonated the victim and presents no argument that such evidence is inadmissible.

Defendant instead asks that to the extent the court permits this evidence to come in, it must allow Dr. Christopher Boys ("Boys") to testify and lay the groundwork for counsel to argue an alternative explanation for defendant's behavior.  (ECF No. 221 at 12).  On April 15, 2024, the magistrate judge denied the government's motion to compel defendant to comply with expert notice requirements or to preclude Boys' testimony.

Accordingly, item 12 is admissible at trial, but Dr. Boys may testify and lay the groundwork for defense counsel to argue an alternative explanation for defendant's behavior.

    E.  <u>Evidence relating to the relationship between the victim and defendant</u>

        *i.*    *Item 13*

The government seeks to introduce evidence that the victim's neighbor heard defendant yelling loudly on several occasions.  Such testimony provides a variety of issues.  The neighbor cannot testify with certainty who was at home during the yelling or what defendant was yelling about.  The testimony cannot show defendant's motive, preparation, plan, intent, absence of mistake, and lack of accident.  Accordingly, item 13 is inadmissible at trial.

. . .

  *ii.*  *Item 14*

The government intends to elicit testimony from Nicole Lawrence ("Lawrence") that the victim came into her workplace on one occasion crying over an argument she had with defendant. As defendant avers, the fact that Lawrence witnessed the victim crying is not probative of domestic abuse. To claim that this incident is relevant in showing that the victim and defendant actually fought, let alone precipitated his decision to kidnap her, is remote. Lawrence's proposed testimony is devoid of any probative value and is irrelevant. Accordingly, item 14 is inadmissible at trial.

  *iii.*  *Item 15*

The government has noticed its intent to introduce evidence that two individuals saw the victim with injuries on her face one day in the summer of 2019. Allowing this testimony would cause unfair prejudice to defendant. These two witnesses subjectively believe that defendant caused these injuries to the victim. However, the victim never made any disclosure of physical abuse to her friends and family. The testimony would be nothing more than conjecture and is precluded under Rule 403. Accordingly, item 15 is inadmissible at trial.

  *iv.*  *Item 16*

Item 16 contains similar evidentiary deficiencies to those in item 15. Here, the government seeks to introduce testimony from a woman who claims she observed defendant call the victim names such as "retard" between 2018-19 and he stated that he "wished [the victim] was dead." (ECF No. 221-1 at 3-4). This instance is too remote in time to have any probative value to this case and is irrelevant, as any alleged name calling has no bearing on the crime of kidnapping resulting in death. Accordingly, item 16 is inadmissible at trial.

  *v.*  *Item 17*

The government has indicated that it intends to elicit evidence from Danielle Femc

("Femc") that after the victim's death, defendant threatened her with harm if she did not stop trying to reach out to the victim.

This item relates to item 12 in that it concerns defendant's actions after the alleged crime occurred. The government believes that after defendant supposedly killed the victim, he undertook a course of action specifically designed to maintain the fiction that she was alive. (ECF No. 225 at 16).

The court agrees with the government that defendant's words to Femc are probative of consciousness of guilt and that Femc's testimony is relevant. Accordingly, item 17 is admissible at trial, but Dr. Boys may testify and lay the groundwork for defense counsel to argue an alternative explanation for defendant's behavior.

### F. Evidence relating to other domestic violence

The government withdraws its notice of intent to introduce item 18, which is evidence that defendant threatened to cut his first ex-wife's throat in 2003. Accordingly, item 18 is inadmissible at trial.

### G. Unsolicited Rule 404(b) evidence and other related evidence

In his motion, defendant requests the court to preclude any unnoticed Rule 404(b) evidence the government attempts to introduce at trial. In its response, the government did not address this request or indicate any opposition. Accordingly, the court will preclude the government from introducing any unnoticed Rule 404(b) evidence at trial.

Moreover, defendant seeks preclusion of the following related evidence: (i) evidence of the disapproval defendant felt by the victim's family, (ii) CIA and blank employee identification cards, and (iii) a bag of women's lingerie found at the victim's residence. The government did not allude to these three pieces of evidence in its response. The court finds that this evidence is irrelevant

and not probative of whether defendant committed the instant offense. The government cannot present these three pieces of evidence at trial.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant John Matthew Chapman's motion *in limine* to exclude Rule 404(b) evidence and other unnoticed evidence pursuant to Rules 401, 402, 403, and 404 (ECF No. 221) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

Items 1, 9, 12, and 17 are admissible at trial. All other evidence addressed in defendant's is inadmissible at trial.

IT IS FURTHER ORDERED that defendant's motion for leave to file a reply brief (ECF No. 226) be, and the same hereby is, GRANTED.

DATED April 17, 2024.

_____
UNITED STATES DISTRICT JUDGE